IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HENRY LEE BROWN, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 314-108 |
| FNU QUINN, Warden, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

**A.    BACKGROUND**

In his amended complaint, Plaintiff names as Defendants: (1) FNU Quinn, Warden; (2) Jason Medlin, Warden; and (3) FNU Boone, Nurse.[1]  (See doc. no. 9, p. 1.)  Because of certain pleading deficiencies, this Court directed Plaintiff to amend his complaint. (Doc. no. 8.)  In his amended complaint, Plaintiff includes no facts in his statement of claim. (Doc. no. 9, p. 5.)

---

[1] The Court **DIRECTS** the **CLERK** to modify the docket and remove Wheeler Correctional Facility because Plaintiff no longer names it as a Defendant in his amended complaint. (See doc. no. 9, pp. 1, 4.)

However, in other parts of his amended complaint, Plaintiff briefly discusses his demand that the medical staff relocate him to another facility so that he can receive hip surgery. (Id. at pp. 4, 8.)

As to the prison grievance procedure, Plaintiff states that his formal grievance was denied on November 3, 2014 and he is awaiting a response to his appeal. (Id. at 3-4, 7.) Plaintiff seeks monetary relief. (Id. at 6.)

**B.     DISCUSSION**

Plaintiff's amended complaint should be dismissed because of his failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008); Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical

2

procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[2] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Because of the date of the incident that Plaintiff alleges, the administrative grievance procedure applicable in this case is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on December 10, 2012. Inmates are encouraged to resolve complaints on an informal basis before filing a grievance, however this step is not required. SOP IIB05-0001 § VI(A)(4). The administrative remedies procedure commences with the filing of the Original Grievance. An inmate may file a grievance "about any condition, policy, procedure, or action or lack thereof that affects the offender personally." SOP IIB05-0001 § VI(B)(1). The inmate has ten calendar

---

[2]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

3

days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the Original Grievance and give it to a Counselor. SOP IIB05-0001 § VI(D)(1)-(5). Once the Counselor gives the grievances to the Grievance Coordinator, they will screen it in order to determine whether to accept it or recommend that the Warden reject it. SOP IIB05-0001 § VI(D)(5). If the Warden rejects the grievance, the inmate may appeal the rejection to the Central Office. SOP IIB05-0001 § VI(D)(5)(f).

If the Grievance Coordinator accepts the grievance or the Warden rejects the coordinator's recommendation, the Grievance Coordinator will appoint a staff member to investigate the complaint. SOP IIB05-0001 § VI(D)(6). After the staff member prepares a report, the Grievance Coordinator submits a recommended response to the Warden. Id. The Warden or their designee reviews the grievance, the report, and the recommendation and issues a decision in writing. Id. The Warden has forty days from the date the offender gave the Original Grievance to the Counselor to deliver a decision. SOP IIB05-0001 § VI(D)(7). The inmate then has seven calendar days from the date they receive the response to file a Central Office Appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has 100 calendar days after receipt of the grievance appeal to respond. SOP IIB05-0001 § VI(E). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id.

Here, Plaintiff admits that he did not exhaust his administrative remedies prior to the commencement of this case, as is required under the PLRA, because he is currently waiting on a response to the appeal of his formal grievance. (Id. at 3-4.) In order to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. Additionally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure

4

*before* initiating this suit. Higginbottom, 223 F.3d at 1261. It is plain from the face of his complaint that Plaintiff failed to complete the entire grievance process prior to submitting the current complaint. (Doc. no. 1, pp. 3-4.) Therefore, Plaintiff's amended complaint should be dismissed without prejudice.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA